IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN WRIGHT, | ) |
| | ) No. 2:22-cv-01719-RJC |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| SIERRA CLUB and RAMON CRUZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is Plaintiff, Ellen Wright's, Response to Order to Show Cause (ECF No. 19). On March 7, 2024, this Court issued an Order (ECF No. 14) directing Plaintiff to show good cause why this matter should not be dismissed, without prejudice, due to Plaintiff's failure to effectuate service on any of the Defendants or for failure to prosecute. For the reasons discussed below, this Court finds that Plaintiff has failed to show good cause why this action should not be dismissed, without prejudice, and further finds that no further discretionary extensions of time to serve are warranted in this matter.

**I.  Background**

Plaintiff commenced this action by filing a Complaint (ECF No. 2) on December 2, 2022. Plaintiff brings this action against Defendants, Sierra Club and Ramon Cruz[1], for employment

---

[1] Plaintiff's Complaint lists only Sierra Club as a defendant in the caption. However, in the list of defendants, Plaintiff lists only Ramon Cruz, the president of Sierra Club. Therefore, the Court will assume that Plaintiff intended for both Sierra Club and Ramon Cruz to be defendants in this matter.

1

discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.  Compl. 3.

Plaintiff attached her EEOC charge to her Complaint and referred the Court to said charge as the basis for her allegations.  *Id.* at 5.  In her EEOC charge, Plaintiff alleges that she is a member of the Allegheny Group Executive Committee of the Sierra Club, and previously held the position of Group Chair beginning in May of 2020.  Compl., Ex. 1 at 1.  Plaintiff further alleges that on or about August 15, 2021, the Group Vice Chair, Christopher Shepard, "falsely accused [her] of using funds inappropriately."  *Id.*  Shepard allegedly consulted with State Executive Director, Tom Torres, about his concerns.  *Id.*  Plaintiff alleges that Shepard and Torres did not follow the Sierra Club policy, which is that the first responsibility of the Vice Chair is to support the Chair.  *Id.*

Plaintiff further alleges that in May 2020, Torres allegedly stated that the problem with the Sierra Club was that there were "too many older white women."  *Id.*  Additionally, in June 2020, chapter employees, who were supervised by Torres, wrote a letter "stating their equity justice and inclusivity concerns" about an executive committee member, who was an older white female.  *Id.*  Plaintiff alleges that this executive committee member was eventually replaced by a male colleague.  *Id.*

Then, on September 21, 2021, Plaintiff was informed by Shepard that she had been voted out from her position because she was too autocratic.  *Id.*  However, Plaintiff alleges that the vote did not take place in an open meeting, as required by Sierra Club policy.  *Id.*  Plaintiff additionally alleges that meeting minutes from December 2021 to March 2022, contained "various inaccuracies such as gaslighting [Plaintiff] and omissions[.]"  *Id.* at 1-2.  Then, on April 6, 2022, a vote was

held to remove Plaintiff from the Executive Committee. *Id.* at 2. Plaintiff alleges that Sierra Club discriminated against her because of her sex and age. *Id.*

On January 10, 2023, following the filing of Plaintiff's Complaint in this matter, the Court entered an Order informing Plaintiff "that it is her obligation to effectuate service of the Complaint under Fed. R. Civ. P. 4." Jan. 10, 2023 Order. On February 23, 2023, Plaintiff filed a receipt indicating that mail had been delivered to Ramon Cruz on January 30, 2023.[2] The receipt indicates that mail was delivered to Ramon Cruz and signed for by an individual, identified by initials and numbers. *Id.* Importantly, the initials on the receipt do not match Ramon Cruz. Additionally, the receipt does not indicate what documents were mailed to Ramon Cruz and does not provide any further information as to who signed for these documents. The signature line on the receipt has the option for the individual to check whether they are the addressee or an agent, however, neither box was checked.

On March 7, 2024, this Court entered an Order directing Plaintiff to show good cause, by no later than March 21, 2024, why this matter should not be dismissed, without prejudice, due to Plaintiff's failure to serve the Defendants or for failure to prosecute. March 7, 2024 Order, ECF No. 14. Plaintiff requested extensions of time to file her Response (ECF Nos. 15, 17) which this Court granted (ECF Nos. 16, 18). Then, on April 24, 2024, Plaintiff filed her response to this Court's March 7, 2024 Order. ECF No. 19. Plaintiff asserts that Defendants acknowledged receipt of her mailing, which included Court documents ordering ADR. Resp. to Order to Show Cause 1, ECF No. 19. Therefore, Plaintiff requests that the Court order Defendants to participate in ADR or, if the Court declines to do so, to issue her an order to withdraw, without prejudice. *Id.*

---

[2] The receipt does not indicate which third-party sender was used.

## II.     Legal Standard

Fed. R. Civ. P. 4(m) provides that a court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice if a defendant is not served within ninety days following the filing of the complaint.  The court must extend the time for service, however, if a plaintiff shows good cause for failure to serve.  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time for service.  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

## III.    Discussion

### A. Were Defendants Served with Process in this Matter?

In Plaintiff's Response to this Court's March 7, 2024 Order directing Plaintiff to show good cause why this case should not be dismissed, without prejudice, for failure to serve Defendants within the time allowed by Rule 4, Plaintiff asserts that she has, in fact, served the Defendants with process in this matter.  Resp. to Order to Show Cause 1, ECF No. 19.  Accordingly, before determining whether dismissal of this action or an extension of time for service is appropriate under Fed. R. Civ. P. 4(m), the Court must first determine whether any Defendant has been properly served.

With respect to service on an individual within a Judicial District of the United States, Federal Rule of Civil Procedure 4 provides:

> (e) Serving an Individual Within a Judicial District of the United States.  Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:

>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With respect to corporations, Federal Rules of Civil Procedure 4(h)(1) similarly requires personal service or service in accordance with state law. Pursuant to Fed. R. Civ. P. 4(d), a plaintiff may notify an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) that an action has been filed against that defendant, and request that the defendant waive service. Fed. R. Civ. P. 4(d). "Absent a waiver, the Federal Rules require either personal service or, pursuant to Fed. R. Civ. P. 4(e)(1), service that complies with state law." *Boley v. Kaymark*, 123 F.3d 756, 757 (3d Cir. 1997).

The purported service in this case is defective. Plaintiff argues that she served the Defendants by mailing the Complaint to Mr. Cruz. *See* Resp. to Order to Show Cause 1, ECF No. 19. However, Plaintiff has not submitted anything to this Court which would support a finding that Defendants have been formally served with process in this matter. Service by mail is not one of the enumerated methods of service provided for by Federal Rules of Civil Procedure 4(e)(2), 4(h)(1), or 4(j)(2). That said, service may also be achieved by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

"Under Pennsylvania Rule of Civil Procedure 404, a plaintiff may serve process outside the Commonwealth of Pennsylvania by mail in the manner provided by Pennsylvania Rule of Civil Procedure 403." *Fox v. Chipotle Mexican Grill, Inc.*, No. 2:20-CV-1448, 2021 WL 706757, at *2

(W.D. Pa. Feb. 23, 2021).  Pa.R.C.P. 403 provides that such process must be mailed to the defendant by a "form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. 404(2); Pa.R.C.P. 403; *see also Fox*, 2021 WL 706757 at *2 ("Under Pennsylvania law, service by mail upon an out-of-state corporation is not proper unless a form accompanies requiring a receipt signed by the defendant or his authorized agent. . . . Unlike restricted delivery mail, certified mail does not limit the recipient of the mail to the addressee or his authorized agent and so does not comply with Rule 403.").  With respect to proof of service by mail, Pa.R.C.P. 405(c) provides: (c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail, (1) the returned letter with the notation that the defendant refused to accept delivery, and (2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing. Pa.R.C.P. 405(c).  A plaintiff bears the burden of establishing that they served a proper agent of a corporation.  *Fox,* 2021 WL 706757 at *2.

Plaintiff purportedly served Defendants in California.  Under California law, service of process may be effectuated by mail pursuant to Cal. Civ. Proc. Code § 415.30.  Section 415.30 provides that:

> (a) A summons may be served by mail as provided in this section.  A copy of the summons and the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.
>
> (b) The notice specific in subdivision (a) shall be in substantially the following form:

**(Title of court and cause, with action number, to be inserted by the sender prior to mailing)**

### NOTICE

To: (Here state the name of the person to be served.)

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

_____
Signature of sender

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on (insert date) of a copy of the summons and of the complaint at (insert address).

Date:
(Date this acknowledgement is executed)


Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person


(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgment form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is

> pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.
>
> (e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

Cal. Civ. Proc. Code § 415.30.

Here, Plaintiff has not properly effectuated service under either Pennsylvania or California law. Merely sending documents, which, even if the Court assumed included the summons and complaint (and copies, return envelope, and notice and acknowledgment required under Section 415.30), by mail is insufficient to satisfy Pa.R.C.P. 405(c) or § 415.30. Plaintiff has, however, not informed the Court which documents were mailed to Defendants, including whether those documents contained the required copies, return envelope, notice, and acknowledgment of service required by § 415.30. Additionally, Plaintiff has not informed the Court whether the acknowledgment of service was returned, nor has she provided a signed copy of the acknowledgment as proof that it was executed by Defendants. Section 415.30 makes it clear that service is not complete until a written acknowledgment of receipt of summons is executed. Cal. Civ. Proc. Code § 415.30(c). Plaintiff has also not attached a return receipt signed by the individual Defendant or an authorized agent as required by Pa.R.C.P. 405(c).

Therefore, for the reasons discussed above, the Court finds that Plaintiff has not established that any Defendant has been properly served in this matter. Because the Court finds that the Defendants have not yet been served in this action, and because the deadline for service has passed, the Court must determine whether a further extension of time to serve the Defendants in this case is warranted.

### B. Has Plaintiff Shown Good Cause?

If a plaintiff shows good cause for a failure to serve, a court must grant an extension of time for service. Fed. R. Civ. P. 4(m). The United States Court of Appeals for the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)). The factors a court should consider in deciding whether to grant a mandatory extension are: "(1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the 120 day period); and (3) whether the defendant is prejudiced by the lack of timely service." *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 526 (M.D. Pa. 2010) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)). In determining whether good cause has been shown, a court looks primarily to the plaintiff's reasons for not serving the defendant within the requisite timeframe. *Gonzalez*, 268 F.R.D. at 526. Further, an absence of prejudice alone is insufficient to support a finding of good cause. *Id*.

Plaintiff has not established good cause with respect to her failure to serve the Defendants in this matter. To date, Plaintiff has not formally served Defendants. While Plaintiff may have believed that her efforts to serve were effective, the Court notes that "ignorance of the law does not rise to the level of exhibiting a reasonable basis for [a party's] noncompliance with the service requirements of Rule 4." *Id.* (citing *U.S. ex rel. Shaw Environ., Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005)).

Despite the Court issuing an Order to Show Cause, Plaintiff made no further efforts to determine whether service had been effectuated in this matter and at no point requested an extension of time to complete service. The Court further notes that Defendants have, at a minimum, suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with process in this lawsuit that has now been pending for about eighteen months. *See Gonzalez*, 268 F.R.D. at 527 ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service."). Moreover, an absence of prejudice alone is insufficient to support a finding of good cause. *Id.* at 526. Because Plaintiff has not made a reasonable effort to serve Defendants in this matter, and because Defendants have suffered some prejudice, this Court finds that Plaintiff has not shown good cause warranting a mandatory extension of time for service.

### C. Is a Discretionary Extension of Time for Service Warranted?

In the absence of a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time permitted for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Factors that a district court may consider in deciding whether to grant a discretionary extension include: "1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or conceals a defect in attempted service; (3) if the plaintiff is appearing pro se[;] (4) actual notice of the legal action; (5) prejudice to the defendant; and (6) other factors that may be relevant." *Gonzalez*, 268 F.R.D. at 528 (M.D. Pa. 2010) (citing *Petrucelli*, 46 F.3d at 1305–06 (3d Cir.1995)); *see also Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

With respect to the issue of whether the applicable statutes of limitations would bar Plaintiff from refiling this action, Plaintiff's Complaint asserts claims for age and gender

discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act ("ADEA").  Compl. 3.

The statute of limitations for Plaintiff's Title VII and AEDA claims is 90 days after the receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").  Specifically, 42 U.S.C. § 2000e–5(f)(1) provides that if the EEOC takes no action on a complaint within a specified period of time, the agency "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought...." 42 U.S.C. § 2000e-5(f)(1).  The Third Circuit has "construed this provision to mean that the time for filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date [the plaintiff] receives a right-to-sue letter from the agency."  *Seitzinger v. Reading Hosp. and Medical Center*, 165 F.3d 236, 239 (3d Cir. 1999) (citing *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986)).

Here, while Plaintiff attached her right-to-sue letter to her Complaint (Compl., Ex. 1), she has not alleged what date she received the right-to-sue letter.  Therefore, "in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it." *Id.* (internal citations omitted).  Here, Plaintiff's right-to-sue letter was signed on September 8, 2022.  Compl., Ex. 1.  The Court therefore assumes, for purposes of this opinion only, that Plaintiff's right-to-sue letter was mailed on, or shortly after, September 8, 2022.  This means that Plaintiff had until December 7, 2022, or shortly thereafter, to file her Complaint. [3]  Given that Plaintiff filed her Complaint on December 2, 2022, days before the expiration of the likely applicable statute of limitations, it is likely that Plaintiff's Title VII and ADEA causes of action will be barred by the applicable statute of limitations if this Court dismisses this action

---

[3] The Court acknowledges that various factors may have tolled the applicable statute of limitations, that are not known to the Court at this time.

without prejudice.[4]  Because the Court cannot be certain that Plaintiff's refiled action would be time-barred in part or in whole, and because this uncertainty arises, in part, from Plaintiff's failure to plead facts necessary for this determination or set forth argument in her Response to this Court's Order to Show Cause, this factor weighs only slightly in favor of granting a discretionary extension.

With respect to whether Defendants have evaded service or attempted to conceal a defect in service, the Court finds that this factor weighs in favor of dismissal.  The record in this matter does not reflect that any Defendant has attempted to avoid service in this matter.  As discussed above, the record before the Court indicates that Plaintiff has not properly effectuated service in this matter.  The Court finds that there is no basis to conclude that any Defendant has attempted to evade service or conceal a defect in attempted service.  Rather, it is Plaintiff's own actions that resulted in the failure to timely serve Defendants.  Accordingly, this factor weighs in favor or dismissal without prejudice.

Turning to the third factor, the Plaintiff is appearing *pro se* in this matter, and that factor thus weighs in favor of granting a discretionary extension.

As for the fourth factor, whether Defendants have notice of the action, the Court notes that Plaintiff avers that she mailed court documents to Defendant, Ramon Cruz, in this matter.  Resp. to Order to Show Cause 1, ECF No. 19.  However, no Defendant has appeared in this matter.  Therefore, the Court finds that this factor ways in favor of dismissal because, while a receipt was filed asserting that documents were mailed to Mr. Cruz, the Court has no information as to whether the Complaint was actually mailed or whether it was actually received by the Defendants.

---

[4] The Court makes no decision as to whether Plaintiff timely filed her complaint with the EEOC or whether Plaintiff exhausted her remedies with the EEOC prior to filing her Complaint in this Court.

Therefore, there is no information before this Court to indicate whether any Defendant has actual notice of this action.

As discussed above, Defendants have suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with process in this lawsuit that has now been pending for almost nine months. *See Gonzalez*, 268 F.R.D. at 527 ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service."). Accordingly, this factor weighs in favor of dismissal and against the granting of a discretionary extension.

Finally, the Court may look to "any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009). The Court finds that under the circumstances of this case, there are no other factors for the Court to consider.

Weighing all of the above factors, the Court finds that dismissal, without prejudice, is appropriate in this action, and will not grant a discretionary extension of time for Plaintiff to serve Defendants. While Plaintiff's claims may be barred by the applicable statutes of limitations, the Court notes that the United States Court of Appeals for the Third Circuit has emphasized "that the running of the statute of limitations does not require the district court to extend time for service of process." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995). Further, it is Plaintiff, and not Defendants, who is exclusively at fault for Plaintiff's failure to serve Defendants by the deadline imposed by Fed. R. Civ. P. 4(m). Defendants have also suffered prejudice due to the delay caused by Plaintiff's failure to serve Defendant's in a timely manner. These factors outweigh any factors that weigh in favor of a discretionary extension in this matter, and this Court is thus within its discretion to dismiss Plaintiff's case without prejudice.

## IV.     Conclusion

Accordingly, for the reasons discussed above, the Court will dismiss this case, without prejudice, and direct the Clerk of Courts to mark this case as closed.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: June 17, 2024

cc:     All counsel of record